ANDRUS v. LOCAL 69, METAL POLISHERS,
BUFFERS, PLATERS & HELPERS.

**1. APPEAL AND ERROR—JURISDICTION—EVIDENCE.**

The statement of a bare legal conclusion that the State court lacked jurisdiction over the subject matter, because it was vested exclusively in a Federal agency, is insufficient to support contention of defendant union on appeal in suit against it and employer for vacation pay, to set aside suspension of plaintiff's membership, and for reinstatement of seniority, that its motion to dismiss should have been granted after trial on the merits, there being a total absence of proof of facts in the appendix on the matter (Court Rule No 67, § 6 [1945]).

**2. SAME—BRIEF—APPENDIX—REINSTATEMENT.**

An appendix in appellants' brief on appeal from decree rendered after trial on the merits, which does not include relevant testimony as to question of fact, the vital matter of merit, is ordered stricken from the files and appeal dismissed, without prejudice to right to apply for reinstatement of appeal within 45 days, accompanied by brief and appendix complying with pertinent court rule (Court Rules No 67, § 6, No 70, § 5[b] [1945]).

**3. COSTS—BRIEF.**

No costs are allowed appellee upon dismissal of appeal, where he filed no brief.

Appeal from Lenawee; Martin (Rex B.), J. Submitted January 3, 1961. (Docket No. 9, Calendar No. 48,191.) Decided March 1, 1961.

REFERENCES FOR POINTS IN HEADNOTES
[2] 3 Am Jur, Appeal and Error § 772.
[3] 14 Am Jur, Costs § 92.

Bill by Gerald Andrus against Local 69 of the Metal Polishers, Buffers, Platers & Helpers International Union, various of its officers, and Hurd Lock & Manufacturing Co., a Michigan corporation, to set aside suspension of plaintiff's membership, to secure reinstatement of seniority, and to obtain interim vacation pay. Decree for plaintiff. Defendant union appeals. Appeal dismissed.

*Moran & Mack* and *Robert A. Wilson,* for defendant Local 69.

SOURIS, J. Defendant labor union brings this appeal to us to review a decree of the Lenawee county circuit court against it, defendant Hurd Lock & Manufacturing Company and individual defendants who were or are officers of defendant local union. The sole question raised in this appeal is whether or not Congress has pre-empted the specific field of labor management relations, by passage of the national labor management relations act (61 Stat, ch 120, p 136 [29 USC (1958 ed), § 141 *et seq.*]), which plaintiff here seeks to have Michigan's courts enter.

Plaintiff was suspended from union membership for nonpayment of dues in 1952 and thereby lost approximately 12 years seniority in his employment by Hurd Lock. He immediately rejoined the union and continued his employment at Hurd Lock, but without benefit of his previous seniority. He claimed he subsequently found a receipt which would prove dues payment and, upon the union's failure to set aside his suspension, sought and got the circuit court's decree setting aside the suspension and reinstating him to full seniority with vacation pay lost by him during the intervening years.

Appellant union presents the issue on appeal by an appendix which contains only the bill of complaint, appellant's and individual defendants' an-

swer, opinion of the court on a motion to dismiss apparently filed by the appellant and the individual defendants, the opinion of the court after trial on the merits and the court's decree. In the answer to the bill of complaint, we find the following allegation:

"As their second defense to the bill of complaint, defendants state that the court lacks jurisdiction over the subject matter, jurisdiction being vested exclusively in the national labor relations board under the provisions of section 10 of the labor management relations act, 1947 (29 USC § 160 *et seq.*)."

Nothing more appears in the appellants' appendix from which 8 justices of this Court can, without reference to the single original record, determine whether or not defendant Hurd Lock was engaged in interstate commerce such as to make it subject to the cited Federal act and, if so, whether or not this State's courts are pre-empted from exercising their power over the subject matter involved in this suit. We are not, in this case, rehearing the case of *Haenlein* v. *Saginaw Building Trades Council, A. F. L.,* 361 Mich 263, in which, unlike the case before us, the appellant had no hearing on the merits, nor need we define the legal meaning of the term "suggestion," whether it be suggestion of death, of fraud, of insolvency, or of lack of jurisdiction. We deal with the case before us. As to it there may have been proofs taken on this issue of jurisdiction in the trial court, but nothing (not even the calendar entries) appears in the appendix from which we can determine what those proofs may have been. In any event, the bare legal conclusion quoted above from the answer will not support the contention here urged upon us by appellant.

In view of appellant's failure to comply with the requirements of Court Rule No 67, § 6,* by *sua*

---

* See 347 Mich xxii, and 355 Mich xiv.—REPORTER.

*sponte* order of this Court (Court Rule No 70, § 5 [b]*), its brief and appendix shall be stricken from the files of this Court and its claim of appeal shall be dismissed, but without prejudice to appellant's right to apply for reinstatement thereof, provided, however, that such application for reinstatement be filed within 45 days hereof and be accompanied by brief and appendix complying with the requirements of said rule. Appellee having filed no brief herein, there shall be no costs allowed.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and KAVANAGH, JJ., concurred with SOURIS, J.

BLACK, J. (*concurring*), I concur. Unless, as recently urged here, "it is enough that challenge to jurisdiction over the subject matter need merely be suggested on the record to impose upon a court the duty of conducting inquiry as to its jurisdiction to proceed" (*Haenlein* v. *Saginaw Building Trades Council, A. F. L.,* 361 Mich 263, 276), the appeal of the defendant labor union should be dismissed for want of submission to this Court, in conformity with 1959-amended section 6 of Court Rule No 67 (355 Mich xiv), of essential proof supporting the union's plea to the jurisdiction.

The defendant union's naked challenge to the jurisdiction imposes no duty on this Court to conduct its own inquiry into that question, and I reject again Mr. Justice SMITH's declaration (*Haenlein*, p 270) that "When such a jurisdictional question has been brought to the attention of a court, its first duty is to make an inquiry and determination even despite failure of the parties themselves to plead or argue the question." As written in *Haenlein* (p 269), my signature will never sanction a mere allegation, con-

---

* 347 Mich xxx.—REPORTER.

sisting of crossed jurisdictional fingers tagged "you can't touch us," as the means of forcing this Court or any of our trial courts to investigate and record the evidentiary facts which deny or uphold local jurisdiction under the national labor relations act.

An example of the worth of mere pleading to the jurisdiction, compared with proof essential to a proper determination of the pleaded question, may be found upon examination of all opinions of *Peoples Savings Bank* v. *Stoddard*, 351 Mich 342, and *Peoples Savings Bank* v. *Stoddard*, 359 Mich 297.